1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| ROBERT CARTER, | ) |
|       **Plaintiff,** | )    **No. CV 09-590-TUC-AWT (CRP)** |
| | ) |
| **vs.** | )    **REPORT AND RECOMMENDATION** |
| | ) |
| **DAVID DUNCAN,** | ) |
|       **Defendant.** | ) |
| | ) |

Petitioner Robert S. Carter, presently serving a three year term of supervised release after his incarceration for tax and mail fraud, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Habeas Petition").  (Doc. 1; Doc. 8-1, pp. 8, 10, Sentence Monitoring Computation Data)[1].  Petitioner was in custody at the Federal Correctional Institution in Safford, Arizona when he filed his Habeas Petition on October 14, 2009.  (Doc. 8-1, p. 2).  On July 13, 2010, Petitioner was released from incarceration.[2]

Noting Petitioner's release, the Court ordered additional briefing on the issue of

---

[1]The Order cites to the Court's electronic case management system's pagination of documents.

[2]*See* Inmate Locator on Federal Bureau of Prisons website: http://www.bop.gov/iloc2/LocateInmate.jsp.  Search Inmate Number 16909-424.

whether the Habeas Petition became moot when Petitioner was released from incarceration but still serving a term of supervised release. (Doc. 14). The Government filed its additional briefing and Petitioner filed his response. (Docs. 15, 16). Based on the below analysis, the Magistrate Judge recommends this Habeas Petition be dismissed as moot. This Court no longer has the power to grant Petitioner the relief he requests, credit for the 27 days of lost good conduct time, as Petitioner has already been released.

**Mootness**

Petitioner was incarcerated at FCI Safford from June 16, 2009 through January 19, 2010. (Doc. 15-1, p. 4). While at FCI Safford, Petitioner lost 27 days of good conduct time because he was found to be in possession of a cell phone. (Doc. 8-1, p. 14). In his Habeas Petition, Petitioner argued the revocation of 27 days good conduct time was unconstitutional because he was not afforded due process in the disciplinary hearing and the cell phone incident was in retaliation for letters he sent government officials informing them that staff at FPC Tucson were not paying for their meals. (Doc. 1, pp. 5-6). The Habeas Petition does not challenge the validity of Petitioner's conviction or the term or length of the sentence imposed. Rather, the Habeas Petition challenges the length of Petitioner's incarceration resulting from the revocation of 27 days good conduct time. The question before this Court is whether Petitioner can still challenge the loss of good conduct time after he has already completed his term of incarceration.

Under Article III of the United States Constitution, federal jurisdiction is limited to actual, ongoing "cases" or "controversies." U.S.Const. Art. III, § 2, cl. 1; *see also Spencer v. Kemna*, 523 U.S. 1, 7 (1998). A claim is moot when "the issues presented are no longer live" and there exists no "present controversy as to which effective relief can be granted." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir.2007) (quoting *Vill. of Gambell v. Babbitt*, 999 F.2d 403, 406 (9th Cir.1993)). To maintain a claim, a litigant must continue to have a personal stake in all stages of the judicial proceeding. *Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir.2007) (internal citation omitted).

The purpose of a writ of habeas corpus "is to secure immediate release from illegal

1   physical custody." *Picrin-Peron v. Rison*, 930 F.2d 773, 775 (9th Cir.1991).  The only power

2   the Court has to effectuate relief in a habeas petition is "the power to release" the petitioner

3   from incarceration.  *Id*. (internal citation omitted).  When a petitioner is released from the

4   custody of which he complains, there is no further relief a habeas court can grant and the

5   habeas petition is moot.  *Picrin-Person*, 930 F.2d at 776.

6   In limited cases, a habeas petition may remain a live case even though a petitioner is

7   released from custody.  For instance, in cases challenging the actual criminal conviction a

8   habeas petition will not be moot upon the petitioner's release from incarceration.  The case

9   remains live because there are a number of civil disabilities following a criminal conviction

10   including limitations on a convict's ability to engage in certain businesses, to vote, or to serve

11   as a juror.  *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir.2001) (citing *Carafas v.*

12   *LaVallee*, 391 U.S. 234, 237-238 (1968)).  These "collateral consequences" are sufficient to

13   satisfy Article III's case-or-controversy requirement.  *Id*.  A collateral consequence must be

14   a "concrete and continuing injury" other than the completed incarceration.  *Spencer*, 523 U.S.

15   at 7.  There is no presumption of collateral consequences following from prison disciplinary

16   proceedings.  *Wilson v. Terhune*, 319 F.3d 477, 482 (9th Cir.2003).  Petitioner is not

17   challenging his actual conviction and the loss of 27 days good conduct time is not a "concrete

18   and continuing injury" resulting from his conviction.  Therefore, Petitioner's habeas petition

19   does not remain a live case under collateral consequences case law.

20   Petitioner urges his case is not moot because the sentencing court could credit his 27

21   days lost good conduct time toward his term of supervised release.  (Doc. 16, p. 2).  This

22   Court disagrees.  Incarceration and supervised release fulfill different functions in the

23   criminal justice system.  Good conduct time relates specifically to incarceration and has no

24   affect on supervised release.  Under the Code of Federal Regulations, good conduct time

25   earned during the term of incarceration does not shorten a period of supervision nor does it

26   shorten a period of imprisonment that may be required for violation of parole or supervised

27   release.  28 C.F.R. §§ 2.35(b), 523.2(c).

28   The United States Supreme Court highlight the distinct functions of incarceration and

1    supervised release when it denied a petitioner's request for a reduction in his term of

2    supervised release after two of his convictions were vacated and it was determined he served

3    too much time. *United States v. Johnson*, 529 U.S. 53, 60 (2000). The *Johnson* court found

4    18 U.S.C. § 3624(e) controlled the question and the statute did not provide for reduction in

5    the length of a supervised release term by reason of excess time served in prison. *Id*. at 56-57.

6    The Court said, "[t]he objectives of supervised release would be unfulfilled if excess prison

7    time were to offset and reduce terms of supervised release." *Id*. at 60.

8          The Ninth Circuit has not spoken directly on this issue of mootness.  A few cases,

9    however, address related issues and inform this Court's decision.  In a section 1983 civil

10   rights case, the Ninth Circuit considered whether the government should win summary

11   judgment against a parolee's claims involving the loss of good conduct time in a disciplinary

12   hearing. *Nonnette v. Small*, 316 F.3d 872, 874 (9th Cir.2002).  The government argued the

13   parolee was required to bring his claim in a habeas petition.  *Id*. at 875.  The Ninth Circuit

14   disagreed.  Noting the parolee was released from custody, the Ninth Circuit determined a

15   habeas petition objecting to his loss of good conduct time would be moot and therefore, the

16   parolee's section 1983 claim could survive summary judgment.  *Id*. at 875-876.

17         In the remaining cases, the Ninth Circuit has found that claims were not moot.  The

18   Government argues these cases are distinguishable from the case before this Court.  (Doc.

19   15, pp. 7-10).  This Court agrees.  In *Mujahid v. Daniels*, the Ninth Circuit held a habeas

20   petition did not become moot when the federal prisoner was placed on supervised release.

21   413 F.3d 991 (9th Cir.2005).  The petitioner argued the BOP wrongly interpreted the good

22   conduct time statute and thus, miscalculated his good time credits.  The Ninth Circuit held

23   "[t]he possibility that the sentencing court would use its discretion to reduce a term of

24   supervised release under 18 U.S.C. § 3583(e)(2) was enough to prevent the petition from

25   being moot." *Id*. at 995 (internal citation and quotation marks omitted).  In *Gunderson v.

26   Hood*, the petitioner challenged a BOP practice affecting the length of his sentence. 268 F.3d

27   1149, 1153 (9th Cir.2001).  While the Court recognized it could not order as relief a

28   reduction in prison time because the petitioner would not be eligible for relief before his

1    incarceration would be complete, the Court found his petition was not moot. *Id.* The Court

2    found "the possibility" that the sentencing court could use its discretion under 18 U.S.C. §

3    3583(e) to reduce the petitioner's supervised release was sufficient to prevent his habeas

4    petition from being moot. *Id.* In *United States v. Verdin*, the petitioner asserted a sentencing

5    error that if favorably resolved by the habeas court, could reduce the term of the petitioner's

6    supervised release upon resentencing. 243 F.3d 1174, 1178 (9th Cir.2001). The Court held

7    his habeas petition was not moot as the possibility of resentencing would affect his

8    supervised release term. *Id.* at 1178.

9        In two other cases, the Court found petitioners' habeas petitions not moot because the

10   petitioners challenged the length of their original sentences and if favorably resolved, could

11   have faced shorter terms of supervised release upon resentencing. *United States v. Figueroa-

12   Ocampo*, 494 F.3d 1211, 1216-1217 (9th Cir.2007), *United States v. Allen*, 434 F.3d 1166,

13   1170 (9th Cir.2006). In a final case, the Ninth Circuit held a habeas petition was not moot

14   when a petitioner argued the BOP did not credit his federal sentence with the time he spent

15   in state custody. *Reynolds v. Thomas*, 603 F.3d 1144, 1148 (9th Cir.2010). The Court noted

16   that if the petitioner's habeas was favorably resolved, the alleged period of over-incarceration

17   could be a factor in reducing the petitioner's term of supervised release pursuant to 18 U.S.C.

18   § 3583(e). *Id.*

19       These cases are distinguishable from Petitioner's case because in none of these cases

20   was the petitioner challenging the length of his sentence based on the loss of good conduct

21   time revoked through a disciplinary proceeding. The cases all challenged the validity of the

22   actual conviction, the term or length of a sentence as it was imposed or the length of

23   incarceration due to a miscalculation of good time credits. Further, in the cases in which the

24   Ninth Circuit found the habeas petition not moot, there appeared a realistic possibility that

25   a sentencing court might use its discretion to reduce a term of supervised release.

26       In contrast, Petitioner does not challenge his conviction, the length of his incarceration

27   as it was imposed nor does he allege any miscalculation or interpretation error on the part of

28   the BOP. Petitioner, instead, argues about the administration of his disciplinary hearing that

resulted in the loss of 27 days good conduct time.  In the only case to indirectly address this issue, the Ninth Circuit opined in *dicta* that the petitioner's habeas claim would be moot. *Nonnette*, 316 F.3d at 874.  The loss of 27 days good conduct time does not give rise to the same possibility of reduction in Petitioner's sentence as the alleged errors in sentences in the other cases.

Petitioner's case is moot.  The relief he seeks is credit for the 27 days good conduct time that he lost.  Even *if* this Court were to find he was entitled to relief, this Court does not have the power to grant it.  Petitioner has served his term of incarceration.  While he is still serving a period of supervised release, Petitioner's case is not similar to cases in which the Ninth Circuit has found the possibility that a sentencing court might modify the term of supervised release.

As a final note, this Court's decision aligns with a number of district courts in the Ninth Circuit that have held habeas petitions filed by prisoners arguing restoration of good time credits lost in prison disciplinary hearings become moot once the prisoner is released from incarceration and paroled.[3]

**Recommendation**

The Magistrate Judge recommends that the District Court, after its independent review, DENY as moot the Habeas Petition.  (Doc. 1).  Petitioner's motion filed February 25, 2011, essentially asking the Court to rule on his habeas petition should also be denied as

---

[3]*See Luu v. Sisto*, 2010 WL 2991719 (E.D.Cal.2010) (court found it could not grant meaningful relief since state prisoner was released on parole); *Garrett v. Marshall,* 2009 WL 3417786 (C.D.Cal.2009) (habeas application challenging prison disciplinary conviction and loss of good time found to be rendered moot by state prisoner's release on parole); *Washington v. Scribner*, 2008 WL 2523247 (E.D.Cal.2008) ("[U]pon the expiration of his sentence and Petitioner's subsequent release on parole, any claim regarding the restoration of good-time credits lost at a disciplinary hearing became moot, since that issue has no bearing on the length of the state prisoner's term of parole or, indeed, on whether such a term is served without incident or whether Petitioner commits a violation of parole that results in his re-incarceration."); *Tsehai v. Schwartz,* 2007 WL 1087058 (E.D.Cal.2007) (federal habeas petition challenging a prison disciplinary conviction and forfeiture of time credits found to be rendered moot by petitioner's release on parole).

1  moot.  (Doc. 19).

2        Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file

3  written objections within fourteen days of being served with a copy of the Report and

4  Recommendation.  If objections are not timely filed, they may be deemed waived. If

5  objections are filed, the parties should use the following case number: **CV 09-590-TUC-**

6  **AWT.**

7        The Clerk of the Court shall mail a copy of this Report and Recommendation to

8  Robert Carter at 1250 Park Ave. W. #406; Highland Park, IL 60035.  The Court notes it

9  ordered Petitioner on September 30, 2010 to file a change of address form with the Court.

10  (Doc. 14).  Petitioner has, thus far, failed to file the form.

11        DATED this 6th day of April, 2011.

12

13

14  **CHARLES R. PYLE**

15  **UNITED STATES MAGISTRATE JUDGE**

16

17

18

19

20

21

22

23

24

25

26

27

28